The opinion of the court was delivered by
Marr, J.
In a suit between the same parties, and for the same cause of action, we decided at the last term that plaintiff could not proceed by rule against the administrator to enforce the payment of the debt due him by the succession of which defendant is administrator. We refer to that decision, SO An., 1089, for a statement of the facts.
*714 After that decision was rendered, which affirmed the judgment of the parish court, dismissing the rule, plaintiff proceeded by petition in the parish court against the administrator to compel him to render an account of his administration. The petition charges that all the property, movable and immovable, of the succession has been sold ; that more than a year has elapsed ; that the administrator has filed no tableau of his administration, and has taken no steps to settle with the creditors; and that plaintiff is a recognized creditor for the sum of $1,590 07, besides interest.
Defendant set up the prescription of three, five and ten years, by way of exception, and also in his answer. The parish judge held that plaintiff was a judgment creditor, in virtue of the homologation by the clerk, of the account in which the debt of plaintiff was recognized ; that more than ten years had elapsed since that order of homologation; that this judgment had not been revived as required by the act of 1853, B. C. C., art. 3547 ; and that it was barred.
In the case between the same parties, 30 An., we held and decided that the order of homologation by the clerk was not a judgment in the sense of article 1053 of the B. O. P. The most solemn homologation of an account after contest, is a judgment only with respect to the funds to be distributed under that account; and, as we said, 30 An. 1091, the homologation of the account in this case was not a judgment in favor of the creditors represented by Maraist, because there was no hope or possibility of their receiving a single dollar of the funds distributed under that account.
For the second time, therefore, we are compelled to overrule the decision of the parish judge in this case, and to hold that the order of homologation is not such a judgment as the law requires to be revived; and that the debt is not barred by the lapse of ten years from the date of that order.
The only remaining question is whether the right of Maraist to demand an account has been barred. Where the debt is acknowledged by the administrator, prescription is interrupted, and it ceases to run so long as the administrator continues in office. Article 985 of the C. P. seems to require the acknowledgment of the administrator to bé written on the evidence of the debt or on a paper which he shall annex to it; but in the succession of Yarborough, 16 An. 260, 261, this court, construing articles 984-5-6-7 of the C. P., held that a letter, written by the authorized attorneys of the administrator sufficed; and that the requirements. of article 985 are not sacramental. We concur in the views expressed in that case; and we hold that a judicial acknowledgment by the administrator, by the filing of an account and the prayer that it be homologated, is far more solemn and authoritative than any *715 writing under private signature, whether on the evidence of the debt or on a paper annexed to it, or in a letter.
The record does not show whether this debt was acknowledged otherwise than by placing it on the account; but if it had not been prescribed at the time that account was filed, it is not now prescribed; and plaintiff is, prima facie, a recognized creditor, and is fully authorized and empowered to demand of the administrator a full account of his-administration, to the end that he may be paid, if there be funds, and he establish his claim.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered by the parish court, it is further ordered, adjudged and decreed that Honoré P. Guilbeau, administrator of the succession of Dr. John H. Thomas do, within thirty days after he shall have received notice of the filing of this-decree in the parish court of St. Martin, by service of a copy thereof to-be issued by the said parish court, present and file, in said court, a full,, true and perfect account of his administration of the said succession,, and in default thereof that it be enforced according to law; and finally, that the costs of the proceeding in the parish court, and of this appeal,, be borne by the said succession.
Mr. Justice DeBlanc, recused.